IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY REANS and BARBARA REANS,

    Plaintiffs,

v.                                                        No. 19-cv-0973 SMV/GBW

OPPLIGER COMPANIES LLC,
OPPLIGER FAMILY LTD., and STEPHEN NUTT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiffs on October 16, 2019. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than **November 12, 2019**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On October 16, 2019, Plaintiffs filed their Complaint for damages arising from a motor-vehicle accident. [Doc. 1]. Although they do not explicitly identify their ground for the Court's jurisdiction, the Complaint alludes to diversity of citizenship. *See id.* Plaintiffs assert that they "are residents of Arizona." *Id.* at 1. Plaintiffs further assert that Defendant Oppliger

Companies, LLC "is a limited liability company doing business in New Mexico," that Defendant Oppliger Family Ltd. "is a limited partnership doing business in New Mexico," and that Defendant Nutt "was a resident of New Mexico, at all material times." *Id.* Furthermore, Plaintiffs claim more than $75,000 in damages. *Id.* at 3, 5, 6, 7. Nevertheless, Plaintiffs make no allegation about the *citizenship* of any party or the citizenship of any member of the Defendant entities. *See* [Doc. 1].

## **Legal Standard**

A plaintiff must assert the basis of subject-matter jurisdiction in his complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

## **Discussion**

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of either Plaintiff or of Defendant Nutt because they address only their states of *residence*. *See* [Doc. 1]. Further, the allegations fail to establish the citizenship of Defendant Oppliger Companies LLC and of Defendant Oppliger Family Ltd., which Plaintiffs assert is a partnership, because they fail to allege the citizenship of each and every one of their members. *See id.*

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs must amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **November 12, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **November 12, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

                                             **STEPHAN M. VIDMAR**
                                             **United States Magistrate Judge**